UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| CONNIE HUGHES, #396259 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:13-cv-106 |
| | ) | *Greer/Inman* |
| SHARON TAYLOR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

State inmate Connie Hughes has filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of her 2005 Carter County, Tennessee, convictions for first degree murder, abuse of a corpse, and forgery under $1,000. For these offenses, she received a life term and two concurrent one-year sentences. Pending before the Court is respondent's unopposed motion to dismiss the petition, which is supported by a brief and parts of the state court record, (Doc. 6 and Attachments 1-4). In her dispositive motion, Warden Taylor asserts that the petition is barred by the applicable statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter, the "ADEPA"). The Court agrees with the Warden, will **GRANT** her motion, and will **DISMISS** the petition.

I. **The Timeliness Issue**

The AEDPA, codified in 28 U.S.C. § 2241, *et seq.*, contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run on the date a petitioner's state court judgment

of conviction becomes final or upon the occurrence of one of three other circumstances not relevant here. *See* 28 U.S.C. § 2244(d)(1)(A).

In this case, petitioner's 2005 convictions were affirmed by the Tennessee Court of Criminal Appeals (TCCA), followed by the Tennessee Supreme Court's September 17, 2007, denial of her application for permission to appeal. *State v. Hughes*, No. E2006–00062–CCA–R3–CD, 2007 WL 1319373 (Tenn. Crim. App. May 7, 2007), *perm. app. denied* (Tenn. Sept. 17, 2007). Ninety days later (i.e., December 17, 2007), when the time expired for petitioner to seek review of the state court's decision in the U.S. Supreme Court, her convictions became final and the AEDPA's one-year clock began to run. *See Clay v. United States*, 537 U.S. 522, 524 (2003) (if no petition for certiorari is filed, judgment becomes final upon expiration of the 90-day period for seeking certiorari review in the Supreme Court). Thus, to be timely, this habeas corpus application needed to be filed on or before December 17, 2008. Under the prison mailbox rule in *Houston v. Lack*, 487 U.S. 266 (1987), petitioner's § 2254 application is deemed to have been filed on April 15, 2013, the date she signed her pleading. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("That signing date . . . is the last day of the limitations period and thus defeats the defendants' untimeliness argument."). Hence, unless something tolled the statute of limitations, this petition was filed too late.

The AEDPA's statutory time period is tolled during the pendency of a properly filed application for state post-conviction relief. 28 U.S.C. § 2244(d)(2). Here, according to the face of the pleading, petitioner filed a *pro se* post-conviction petition in the Carter County Criminal Court (case number S19940) on September 17, 2008, (Doc. 6 at 3), which caused the one-year clock to stop ticking immediately. At this point, petitioner had used 275 days of her 365-day clock. The state petition remained pending until August 15, 2012, when the Tennessee Supreme Court denied petitioner permission to appeal the post-conviction case. *Hughes v. State*, 2012 WL 1424729, 1

2

(Tenn. Crim. App. Apr. 24, 2012), *perm. app. denied* (Tenn. Aug. 15, 2012). Therefore, on that date, the state post-conviction petition was no longer pending and the statute of limitations in § 2244(d) restarted. *Lawrence v. Florida*, 549 U.S. 327 (2007) (ruling that the filing in the Supreme Court of a petition for certiorari for review of a post-conviction petition does not toll the statute of limitations in § 2244(d)(2)). The statute ran 90 days more, reaching the three-hundred, sixty-five days allotted on AEDPA's clock on November 14, 2012. As noted, this § 2254 application was filed on April 15, 2013, more than five months after the lapse of the statute. Accordingly, the Court finds that petitioner does not qualify for statutory tolling under § 2244(d)(2).

## II. Equitable Tolling

Even if this federal petition was filed outside the prescribed time-limits in § 2244(d), the Court still has jurisdiction to consider it under the equitable tolling doctrine. This doctrine, used only in rare cases where circumstances beyond a petitioner's control have prevented her from timely raising a habeas corpus claim, precludes a strict application of the one-year statute of limitations. *See Keenan v. Bagley*, 400 F.3d 417, 420-21 (6th Cir. 2005). A petitioner is entitled to equitable tolling only if she shows "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner bears the burden of showing that she is entitled to equitable tolling, *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003), and the decision as to whether the statute should be equitably tolled must be made on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Because petitioner did not respond to the Warden's motion to dismiss or submit any basis for application of equitable tolling and because nothing offered in her pleading and attachments

3

suggests that AEDPA's statute of limitations should be equitably tolled, she has not carried her burden of showing that her case is one of the exceptional ones where equitable tolling is justified. Indeed, she maintains that, under her calculation of the time period, she is filing the petition within the statute of limitations, (Doc. 2 at 12). Therefore, the Court finds that ADEPA's statute of limitations should not be equitably tolled. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.") (citation omitted).

### III. Conclusion

For the reasons discussed above, respondent's motion to dismiss the habeas corpus petition as time-barred will be **GRANTED**; this case will be **DISMISSED**; and a separate order of dismissal will issue.

### IV. Certificate of Appealability

After reviewing the claims under the appropriate standards in *Slack v. McDaniel*, 529 U.S. 473 (2000), the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of the procedural ruling, nor would they find debatable or wrong the Court's conclusion that the petition is time-barred. *See id*; *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will **DENY** issuance of a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE